# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

SJ PROPERTIES SUITES, BUYCO, EHF;
SJ FASTEIGNIR, EHF; and,
ASKAR CAPITAL, HF;

                     **Plaintiffs,**

**and,**

SETH E. DIZARD,
Court-Appointed Receiver of DOC Milwaukee LP;

                   **Intervenor Plaintiff,**

    **v.**                                     **Case No. 09-C-0533**
                                              **(Consolidated with**
                                              **Case No. 09-C-0569)**

STJ, P.C., d/b/a ECONOMOU PARTNERS;
EP MILWAUKEE, LLC;
ECONOMOU PARTNERS
CONSTRUCTION, INC.;
JOHN W. ECONOMOU;
STEVE J. ECONOMOU; and,
THOMAS V. ECONOMOU;

                     **Defendants.**

---

STJ, P.C., d/b/a ECONOMOU PARTNERS;
EP MILWAUKEE, LLC;
ECONOMOU PARTNERS
CONSTRUCTION, INC.;
JOHN W. ECONOMOU;
STEVE J. ECONOMOU; and,
THOMAS V. ECONOMOU;

                     **Counterclaimants,**
     **v.**

SJ PROPERTIES SUITES, BUYCO, EHF;

                     **Counterclaim Defendant.**

SJ PROPERTIES SUITES, BUYCO, EHF;

           **Plaintiff - Counterclaim Defendant,**
and,

SETH E. DIZARD,
Court-Appointed Receiver of DOC
Milwaukee LP;

           **Intervenor Plaintiff,**
      **v.**

EP MILWAUKEE, LLC;

           **Defendant-Counterclaimant.**

# DECISION AND ORDER

      This consolidated action relates to a construction project that is a hotel and condominium real estate development located at 1150 North Water Street, in downtown Milwaukee, Wisconsin (the "Milwaukee Project"). This Decision and Order addresses ten pending motions.[1] The remaining motion for summary judgment on the declaratory judgment action, originally filed in Case No. 09-C-569 (the "569 action"), is not completely briefed and will be addressed in a subsequent decision.

      Except for the Plaintiffs' motion to lift stay and for a scheduling conference, the motions were filed prior to the consolidation of the actions and were assigned docket

---

[1]A November 13, 2009, letter from the Plaintiffs, SJ Properties Suites BuyCo ehf ("Buyco"); SJ-Fasteignir ehf ("Fasteignir"); and, Askar Capital hf ("Askar") (collectively the "Plaintiffs"), lists ten pending motions. The Plaintiffs subsequently filed a motion to lift stay and for a scheduling conference.

numbers in the action in which they were filed. Thus, to avoid confusion, the Court will refer to the actions, Case No. 09-C-533 (the "533 action") and the 569 action, in association with those motions.

## EP's Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(1), Defendant EP Milwaukee LLC ("EP") seeks dismissal of the 569 action for lack of subject matter jurisdiction. Specifically, EP maintains that Buyco has rendered the action moot, by seeking the receivership in state court.

In considering motions to dismiss for lack of subject matter jurisdiction, "a district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chi.*, 502 F.3d 616, 625 (7th Cir. 2007)(quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In considering such a motion, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). Buyco, as the proponent of federal subject matter jurisdiction in the 569 action, bears the burden of proof as to the existence of such jurisdiction. *See Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006) (citing *McNutt v. General Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)).

Under Article III of the Constitution, the judicial power of the United States extends only to cases and controversies. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83,

3

102 (1998). Under Article III, "cases that do not involve 'actual, ongoing controversies' are moot and must be dismissed for lack of jurisdiction." *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chi.*, 326 F.3d 924, 929 (7th Cir. 2003) (quoting *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990-91 (7th Cir. 2000)). "Mootness is often described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Wis. Right to Life, Inc. v. Schober,* 366 F.3d 485, 491 (7th Cir. 2004) (citing *Arizonans for Official English v. Arizona*, 520 U.S. 43, 68 n. 22 (1997); *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980). *But see Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189-90 (2000) (explaining that this description of mootness is "not comprehensive")).) The party asserting mootness bears the burden of persuasion. *Wis. Right to Life, Inc.,* 366 F.3d at 491 (citing *Laidlaw*, 528 U.S. at 189.)

The crux of EP's argument is that because of the state court receivership, Buyco no longer has an "actual on-going controversy." In opposing the motion to dismiss, Buyco asserts that the sole question is whether the receivership makes it impossible for the Court to grant the relief sought by Buyco in its declaratory judgment action. In *Cornucopia Institute v. United States Department of Agriculture,* 560 F.3d 673, 676 (7th Cir. 2009), the court stated that "if an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Id.* (citing *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653(1895)). While Congress has authorized the

4

courts to issue declaratory relief in some cases, this authority is merely procedural and the constitutional requirement of a justiciable case or controversy remains applicable. *Cornucopia Inst.*, 560 F.3d at 676. The court of appeals has ruled that declaratory judgment is only appropriate when the Court's ruling would have an impact on the parties. *Id.*

EP relies upon the state court receivership and the expansive language of the state court order appointing Dizard as the receiver. In particular, EP relies upon the provision stating that "all creditors of DOC Milwaukee LP [DOC LP], other than secured creditors currently of record, are hereby enjoined and restrained from (a) commencing any action or prosecuting any other action now pending other than in these proceedings, (b) enforcing against [DOC LP], or its property any judgment; and (c) taking any action to collect or recover a claim against [DOC LP]." (Wieser Aff. Supp. Mot. Dismiss filed 8/20/09 ¶ 3, Ex. B, ¶ 5.) EP does not cite any case law regarding receiverships in support of its contention.

As stated in *Harrigan v. Gilchrist*, 99 N.W. 909, 937 (Wis. 1904)(quoting Gluck & Becker on *Receivers of Corporations*, § 58):

> "Property – and by this is meant any conceivable kind – may have gone beyond the recall and reach of the insolvent corporation itself, and yet, by reason of the fraud practiced, may still be subjected to the claims of creditors and the rights of stockholders, under the familiar rule that fraud vitiates nearly, if not all transactions. Such property, so far as the creditors and stockholders are concerned, still remains a part of the trust estate and therefore a part of the assets of the corporation. There is no sound reason why the court cannot marshal those assets as well as other assets of the corporation for the benefit of the same parties."

5

"The property, to all intents and purposes, is the property of the creditors; and the receiver holds the property and assets in trust for the creditors, as the agent of the court." *Id*. at 941. Thus, a primary focus of the receivership of the insolvent limited partnership are its assets, as well as the winding-up of the limited partnership. *See Clark on Receivers,* § 252 (3rd ed. 1959) (discussing partnerships). Although the appointment of a receiver is not strictly a proceeding *in rem*, it is nevertheless a proceeding in the nature of a proceeding *in rem*. *Id*. at § 285.

The nature of a receivership proceeding must be considered in construing the state court's order. The purpose of the declaratory judgment action – the 569 action – is to obtain a determination as to which member of the DOC LP partnership – BuyCo; DOC Milwaukee II, LLC ("DOC II"); Development Opportunity Corp. ("Development Opportunity"); and, EP – has the authority to act on behalf of the partnership as the legitimate general partner, and the correct percentages of their respective ownership interests and voting rights. The Court's declaratory judgment decision will not dispose of the property of the partnership. *See Lavine v. Shapiro*, 257 F.2d 14, 21 (7th Cir. 1958) (citing *Princess Lida of Thurn and Taxis v. Thompson*, 305 U.S. 456, 466 (1939)). Thus, despite the broad language of state court's order appointing the receiver, it is not "impossible" for this Court to grant effectual relief in the 569 action. *See Cornucopia Inst.*, 560 F.3d at 676. Moreover, Dizard, the receiver, is now a party to the consolidated action. Therefore, EP's motion to dismiss for lack of subject matter jurisdiction is denied.

6

Since the Court has an independent duty to consider subject matter jurisdiction, it has also considered the issue in the context of the 533 action. The standing of the Plaintiffs, both constitutionally and considering prudential limitations, was raised in that action by the motions of parties that were subsequently dismissed from that action.

The 533 action alleges misappropriation and fraudulent transfers of DOC LP assets. The action directly relates to the state court receivership proceedings and the property of DOC LP which is within the ambit of the receivership, and the order appointing the receiver. The Court relied upon the nature of those proceedings and the interests of Dizard in granting his motion to intervene in the 533 action. Based on Dizard's participation in the consolidated action, the Court concludes that it has subject matter jurisdiction over that action, *see Fisher v. Am. United Life Ins. Co.*, 314 U.S. 549, 555 (1942); *see also GP Credit Co, LLC v. Orlando Residence, Ltd.*, 349 F.3d 976, 981 (7th Cir. 2003), and will address the motions relating to default.

### Motions Pertaining to Default

Default in the 533 action was entered by the Clerk of Court on August 17, 2009, against Defendants STJ, P.C., d/b/a Economou Partners ("STJ, P.C."); Economou Partners Construction, Inc. ("Economou Construction'); John W. Economou ("John Economou"); and, Steve J. Economou ("Steve Economou"). Default in the 569 action was entered by the Clerk of Court on July 30, 2009, against EP. There are seven pending motions relating to those defaults.

7

In the 533 action, there are four pending motions relating to the entry of default for the Plaintiffs against STJ, P.C.; Economou Construction; John Economou; and, Steve Economou: (1) a motion to vacate the entry of default filed by STJ, P.C.; EP; Economou Construction; John Economou; Steve Economou; and, Thomas V. Economou ("Thomas Economou")(collectively the "Economou Defendants");[2] (2) a motion for extension of time to file their Answer filed by STJ, P.C.; EP; Economou Construction; John Economou; Steve Economou; and, Thomas Economou;[3] (3) the Plaintiffs' motion for default judgment as to STJ, P.C.; Economou Construction; John Economou; and, Steve Economou; and, (4) the Plaintiffs' Rule 7.4 expedited non-dispositive motion for service of summons and complaint by a Marshal.

In the 569 action, there are three motions pertaining to the entry of default against EP: (1) EP's motion to vacate entry of default; (2) EP's motion for extension of time to file its Answer; and, (3) Buyco's motion for default judgment as to EP. The Court will first address the motions to vacate entry of default.

### Motions to Vacate Entry of Default

Federal Rule of Civil Procedure 55(c) states: "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." A party seeking to vacate an entry of default prior to the entry of final judgment must show: "(1) good cause for the default; (2) quick action to correct it; and (3) a meritorious defense to the

---

[2]The docket entry describing the motion to vacate default does not include STJ, P.C. However, that entity is included on the motion.

[3]The docket entry describing the motion for the extension of time to file an answer does not include STJ, P.C. However, that entity is included on the motion.

8

complaint." *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 630-31 (7th Cir. 2009) (citing *Sun v. Bd. of Trs. of the Univ. of Ill.*, 473 F.3d 799, 810 (7th Cir. 2007)(citing *Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994)); *see also* Fed. R. Civ. P. 55(c). "While the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test "is more liberally applied in the Rule 55(c) context." *Cracco*, 559 F.3d at 631 (quoting *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir. 1989)). The case law of this circuit articulates a policy of favoring trial on the merits over default judgment. *Cracco*, 559 F.3d at 631 (citing *Sun*, 473 F.3d at 811 (citing *C.K.S. Eng'rs, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir. 1984) (collecting cases)).

With respect to the good cause for the default, John Economou and Steven Economou were personally served with summons and complaint in the 533 action on June 4, 2009. (Wieser Aff. filed 8/14/09 ¶¶ 2-3.) As of August 14, 2009, Thomas Economou had not been served with the summons and complaint in the 533 action. (*Id*. at ¶ 4.) On June 5, 2009, John Wieser ("Wieser"), who is general counsel and an employee of STJ, P.C., was served with the summons and complaint as the registered agent of STJ, P.C., Economou Construction, and EP.[4] (*Id*. at ¶¶ 5-7.)

Wieser, as the registered agent of EP, was served with the summons and complaint in the 569 action on June 17, 2009. (Wieser Aff. filed 8/20/09 ¶ 2.)

On June 22, 2009, Buyco filed the state court receivership action in Milwaukee County Circuit Court, Case No. 09 CV 009785, seeking the appointment of a receiver for

---

[4]Default was not entered against EP in the 533 action.

Case 2:09-cv-00533-RTR   Filed 11/30/09   Page 9 of 23   Document 83

DOC LP. (Wieser Aff. filed 8/14/09 ¶ 8; Wieser Aff. filed 8/20/09 ¶ 8.) On about June 30, 2009, the parties reached an informal agreement that the time to plead in the 533 and 569 actions would be tolled until either August 1, 2009, or two weeks after completion of the forensic accountant's report for the receiver. (Wieser Aff. filed 8/14/09 ¶ 10; Wieser Aff. filed 8/20/09 ¶ 10.) August 1, 2009, was the projected completion date for the report. (*Id*.)

On July 8, 2009, by email, counsel for the parties agreed to an extension of the time to plead in the 533 and 569 actions until July 22, 2009. (Wieser Aff. filed 8/14/09 ¶ 12; Wieser Aff. filed 8/20/09 ¶ 12.) On July 10, 2009, Wieser and counsel for the Plaintiffs, Scott R. Halloin ("Halloin"), had a telephone conversation during which Halloin agreed to the July 22, 2009, extension of time and also stated that he could probably give two additional one week extensions after the July 22nd date. (Wieser Aff. filed 8/14/09 ¶ 13; Wieser Aff. filed 8/20/09 ¶ 13.)[5]

Sometime in July 2009, Wieser also raised the possibility of resolving the lawsuits by obtaining financing from Ron Zimmerman ("Zimmerman").[6]

On July 21, 2009, Wieser signed and returned the stipulation and proposed order for extension of time. (Wieser Aff. filed 8/14/09 ¶ 16.) Wieser thought that he had executed the stipulation in both federal actions, but later learned he had only done so for one

---

[5]There is a factual dispute between the parties regarding whether an additional telephone conversation occurred on July 15, 2009. Absent a hearing and credibility determination, the Court could not resolve the factual dispute. However, whether or not that conversation occurred is not material to the resolution of the motion to vacate the default.

[6]There is a factual dispute between the parties regarding the date in July that financing through Zimmerman was discussed. Absent a hearing and credibility determination, the Court cannot resolve the factual dispute. However, the exact date of that discussion is not material to the resolution of the motion to vacate the default.

action.[7]  (Wieser Aff. filed 8/20/09 ¶ 16.)  Wieser was also under the impression that the Plaintiffs would agree to an additional week to two week extension of the deadline for the the Economou Defendants to file an answer or other responsive pleading.  (Wieser Aff. filed 8/14/09 ¶ 16; Wieser Aff. filed 8/20/09 ¶ 16.)

On July 24, July 27, and July 28, 2009, Wieser emailed Halloin requesting the second extension.  (Wieser Aff. filed 8/14/09 ¶¶ 17-19; Wieser Aff. filed 8/20/09 ¶¶ 17-19.) In his July 28, 2009, email to Halloin, Wieser stated "we have secured counsel in Milwaukee and can file responsive pleadings and counter-claims in both actions in short order, if necessary."  (Halloin Aff. filed 9/03/09 ¶ 12, Ex. A.)   Halloin states that he was out of the office on July 24, 2009, and did not receive that request.  (*Id*. at ¶ 11.)

Halloin responded to Wieser's request on July 28, 2009, by an email indicating that he thought that Wieser had dropped his request for the second extension because he had signed the stipulation for the first extension, and made it clear that the Economou Defendants would not be receiving any additional extensions of time to plead in the federal actions. (Wieser Aff. filed 8/14/09 ¶ 20; Wieser Aff. filed 8/20/09 ¶ 20.)

Wieser then resumed his search for, and retained local counsel to represent the Economou Defendants in the federal actions and the state court receivership action.  (Wieser Aff. filed 8/14/09 ¶ 21; Wieser Aff. filed 8/20/09 ¶ 21.)

---

[7]The stipulation and proposed order were filed in the 533 action on July 22, 2009, and the Court entered the order in that action on July 22, 2009.

On July 30, 2009, Buyco filed a motion for entry of default judgment against EP in the 569 action. Default was entered by the Clerk of Court against EP in the 569 action on July 30, 3009.

On about July 31, 2009, Wieser was served with the motion for default judgment in the 569 action. (Wieser Aff. ¶ 22 filed 8/20/09.)

On August 5, 2009, Wieser met with local counsel to explain the facts and issues relating to the Milwaukee Project and the resultant lawsuits. (Wieser Aff. filed 8/14/09 ¶¶ 17-20; Wieser Aff. filed 8/20/09 ¶ 23.)

On August 14, 2009, the Economou Defendants appeared in the 533 action and filed various papers including an answer and counterclaims, a motion for extension of time to answer, and a brief and an affidavit in support of that motion.

On August 20, 2009, EP appeared in the 569 action and filed various papers including an answer and counterclaims, a motion for extension of time to answer, and a brief and an affidavit in support of that motion, and a motion to vacate default.

On August 17, 2009, the Plaintiffs filed a motion for entry of default in the 533 action. Default was entered against STJ, P.C.; Economou Construction; John Economou; and, Steve Economou on August 17th. On August 20, 2009, the Economou Defendants filed a motion to vacate entry of default. On August 21, 2009, the Plaintiffs filed their motion for default judgment.

*Good Cause for Default*

"Good cause" cannot be established where a party has exhibited willful disregard for duties, carelessness, or negligence. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994); *Zuelzke Tool & Eng'g Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir. 1991).

Despite some immaterial factual disputes between the parties, the Economou Defendants have established that Wieser mistakenly believed that the Economou Defendants had until either July 29 or August 5, 2009, to file pleadings in the federal actions. On July 28, 2009, Wieser learned that he was wrong. While an agreement to extend time for pleading must be approved by Court order, *see* Charles Alan Wright & Arthur R. Miller, 5B *Federal Practice and Procedure*: Civil 3d § 1345 (West 2004), the Plaintiffs do not refute Wieser's statement that extensions beyond the July 22 date were discussed. Wieser also thought that the actions could be resolved by obtaining financing from Zimmerman and was pursuing that approach until July 28, 2009, when it was clearly communicated that the financing with Zimmerman was not acceptable to the Plaintiffs.

Despite his July 28, 2009, representation to Halloin that the Economou Defendants had already "secured counsel in Milwaukee," it was only thereafter that Wieser began looking for local counsel to represent the Economou Defendants in the federal actions and the state receivership action. Within eight days, Wieser met with local counsel. Within nine days of Wieser's meeting with local counsel, the Economou Defendants appeared in the 533 action. Within 15 days of that meeting, EP appeared in the 569 action. There is also no

indication that the default was willful. *See Cracco*, 559 F.3d at 631. Under the circumstances, the Court concludes that STJ, P.C.; Economou Construction; John Economou; and, Steve Economou, have established good cause for their default in the 533 action. Furthermore, EP has established good cause for its default in the 569 action.

*Quick Action to Correct Default*

"[T]he 'quick action' prong of the standard for vacating default judgments must concern itself with the time elapsing between entry of judgment and the motion to vacate." *Phipps*, 39 F.3d at 165. In *Zuelzke Tool & Engineering Co., Inc.*, 925 F.2d at 230, the Court of Appeals held that a delay of four months between a party's awareness of a default judgment and its motion to vacate the judgment was too long to be considered quick action. In *Phipps*, 39 F.3d at 165, the court held that a delay of approximately five weeks was too long.

In the 533 action, the Economou Defendants filed their motion to vacate default three days after default was entered against STJ, P.C.; Economou Construction; John Economou; and, Steve Economou. Such action constitutes quick action to vacate the default. *See Cracco*, 559 F.3d at 631 (holding motion to vacate filed eight days after entry of default was timely).

In the 569 action, EP filed its motion to vacate default three weeks after default had been entered. Default was entered against EP in the declaratory judgment action, two days after Wieser learned that EP would have no additional extensions of time to answer and

14

to retain local counsel. The Economou Defendants also had to take action to vacate the default in the 533 action. Under the circumstances, the Court deems that EP acted with sufficient speed to vacate the default in the 569 action to constitute prompt action.

*Meritorious Defenses*

A meritorious defense is not necessarily one which must, beyond a doubt, succeed in defeating a default judgment, but rather one which at least raises a serious question regarding the propriety of a default judgment and which is supported by a developed legal and factual basis. *Phipps*, 39 F.3d at 165. In the answer and counterclaims filed by the Economou Defendants in the 533 action, they assert that the allegedly misappropriated trust funds were not paid by Economou Construction to DOC Fort Myers ("Fort Myers") and that any funds paid to Fort Myers were paid directly by DOC LP. They also assert that Economou Construction did not divert any funds in concert with DOC LP to Fort Myers, and that the funds were loaned to Fort Myers with the full knowledge of all entities in DOC LP and that Fort Myers is responsible for repayment. The Economou Defendants also allege that STJ, P.C.; and, Steve, John, and Thomas Economou did not receive any misappropriated funds. Finally, with respect to the alleged fraudulent transfer involving Steve and John Economou, they allege that the transfer to Fort Myers was done with the approval of all members of DOC LP including those Plaintiffs who were members. The Court concludes that STJ, P.C.; Economou Construction; John Economou; and, Steve Economou have presented meritorious defenses in the 533 action.

By EP's answer and counterclaims in the 569 action for declaratory judgment, EP asserts that Buyco remains a limited partner, EP still is the general partner, Buyco misreads the partnership agreement, and the funds that Buyco advanced were not capital contributions, rather they were loans which were to be repaid as a priority. EP has satisfied the meritorious defense requirement in the 569 action.

Based on the foregoing, the Court grants the motions to vacate the default against STJ, P.C.; Economou Construction; John Economou; and, Steve Economou in the 533 action, and against EP in the 569 action.

### Motions for Enlargement of Time

When an act may or must be done within a specified time, Rule 6(b)(1) of the Federal Rules of Civil Procedure allows the Court to exercise its discretion and, for good cause, extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect" Fed. R. Civ. P. 6(b)(1). Courts should take the burden of showing "excusable neglect" seriously lest parties ignore deadlines with impunity. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 558 (7th Cir. 1996). To demonstrate excusable neglect, a party must demonstrate good faith and a reasonable basis for his failure to follow the rules. *Ooley v. Schwitzer Div., Household Mfg., Inc.*, 961 F.2d 1293, 1306 (7th Cir. 1992). Put another way, the moving party must first show neglect and, secondly, must show that his neglect was excusable.

When considering whether an omission is excusable, the Court must take into account all relevant circumstances surrounding the party's failure to act. *Pioneer Inv. Servs.*

*Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993). *Pioneer* applies whenever "excusable neglect" appears in the federal procedural rules. *Raymond v. Ameritech Corp.*, 442 F.3d 600, 606 (7th Cir. 2006). Rule 6(b)(2) gives courts discretion in most situations to forgive missed deadlines by reason of "excusable neglect." *Id*.

> The standard for excusable neglect:
>
> is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include . . . the danger of prejudice to the [defendant], the length of the delay and its potential impact on judicial proceedings, the reasons for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395 (citation omitted).

The Plaintiffs assert that STJ, P.C.; Economou Construction; John Economou; and, Steve Economou cannot establish excusable neglect, citing *Marine Travelift, Inc. v. Toby Sexton Tire, Inc.*, No. 08-C-601, 2009 WL 2421593 *1 (E.D. Wis. Aug. 9, 2009). However, *Marine Travelift* is not analogous or persuasive because in this case, the STJ, P.C.; Economou Construction; John Economou; and, Steve Economou did not simply ignore their obligation to answer "simply because they did not want to." *See id*. They secured an extension of time in the 533 action – though not as long an extension as they had hoped for and – attempted to secure an extension of time in the 569 action.

Here, the answer and counterclaims was filed in the 533 action on August 14, 2009 – 23 days after the deadline set by the Court's order allowing the extension of time and 17 days after Wieser knew that the Economou Defendants would not be allowed any

additional time to respond. The Plaintiffs assert that they will be prejudiced citing the significant financial problems that the Milwaukee project is experiencing. However, the Plaintiffs do not explain how the delay of approximately three weeks in this litigation will worsen those financial woes. The delay was occasioned by the time it took the Economou Defendants to retain local counsel, the factual complexity of the matters, and the fact that there were three lawsuits requiring action by the Economou Defendants. The Court also notes that the filings of the Economou Defendants, upon their initial appearance, also reflects substantial work by counsel. Under the circumstances of this action, the Court concludes that the Economou Defendants have established excusable neglect and grants their motion for extension of time in the 533 action.

EP also moves for an extension of time in the 569 action. Unlike the 533 action, no order allowing additional time for EP to answer was entered. Having been served with the 569 action summons and complaint on June 17, 2009, EP was required to file an answer or otherwise plead on or before July 8, 2009.[8] EP did not file its papers until 43 days later on August 20, 2009. However, the parties had agreed that EP could have until July 22, 2009, to answer and Wieser intended to file the stipulation and proposed order in both actions, but neglected to do so. Wieser also believed that the Plaintiffs would agree to an additional one- to two-week extension until he was advised otherwise on July 28, 2009. Twenty-three days elapsed between that date and the date that EP responded to the complaint.

---

[8]Buyco states EP's answer was due on July 7th. (Pl.'s Resp. Br. Opp'n EP's Mot. Extension of Time and Mot. Vacate 1.) However, under Federal Rule of Civil Procedure 6(a), the day on which a period begins is excluded and the last day is included, with certain exceptions not applicable here.

18

The other relevant factors outlined with respect to the 533 action are applicable and do not require reiteration. Having carefully considered the circumstances, the Court concludes that EP has established excusable neglect. Therefore, the motions for extension of time are granted in both actions.

### Motions for Service of Summons and Complaint
### by Marshal and for Default Judgment

The Plaintiffs filed a motion for service of the summons and complaint by the Marshal because they assert Thomas Economou has evaded service. Thomas Economou indicates that he had not been served in the motion to extend time and in Wieser's affidavit in support of that motion. However, he did not file a motion to dismiss pursuant to Rule 12(b)(2) asserting that the Court lacked personal jurisdiction over him and the answer filed by the Economou Defendants does not include the defense of lack of personal jurisdiction.

Defenses, such as inadequate service of process, should be promptly asserted to eliminate harmful delay and waste of judicial resources. *Trustees of Cent. Laborers' Welfare Fund v. Lowery*, 924 F.2d 731, 734 (7th Cir. 1991). "A party may waive a defense of insufficiency of process by failing to assert it seasonably in a motion or their first responsive pleading. That defense . . . may be waived by formal submission in a cause, or by submission through conduct. A party need not actually file an answer or motion before waiver is found." *Id.* at 732-33 (internal citations and quotations omitted). Although Thomas Economou notified the Court that he was not served, he has waived that defense by his participation in the 533 action. *See id.*; *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d

1394, 1398 (7th Cir. 1983); Fed. R. Civ. P. 12(h)(1). Thus, the Plaintiffs' motion for the Marshal to serve Thomas Economou is unnecessary and, therefore, is denied.

Also remaining to be addressed are the Plaintiffs' and Buyco's motions for default judgment. In light of the disposition of the foregoing default-related motions, the motions for default judgment are denied.

### Motion to Dismiss the Counterclaims of STJ, P.C.; Economou Construction; John Economou; Steve Economou; and, Thomas Economou

The Plaintiffs seek an order dismissing the Counterclaims of STJ, P.C.; Economou Construction; John Economou; Steve Economou; and, Thomas Economou in the 533 action pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(h)(3). The Plaintiffs assert that STJ, P.C.;Economou Construction; John Economou; Steve Economou; and, Thomas Economou lack standing to bring the counterclaims against Buyco because they are not members of the DOC LP partnership – only EP has standing.

The time for a response to the motion has passed, *see* Civil Local Rule 7.1(b), and none has been filed. The Plaintiffs' unopposed motion to dismiss the counterclaims of STJ, P.C.; Economou Construction; John Economou; Steve Economou; and, Thomas Economou is granted because, as contended by the Plaintiffs, they are not members of DOC LP and, consequently, they have no standing to bring those claims. This ruling does not impact on the counterclaims filed by EP in the 533 action.

### Motion to Lift Stay and Conduct Scheduling Conference

The Plaintiffs request that the Court lift the stay and conduct a scheduling conference. While no stay has been entered, at this juncture, pursuant to Federal Rule of

Civil Procedure 16(b), the Court will schedule a telephonic scheduling conference that will be limited to *the damages claims* for Thursday, January 28, 2010, at 9:30 a.m (Central Time). The Court will initiate the call. The parties should be available at that time.

The purpose of the conference call is to establish a Scheduling Order that will limit the time:

1. to join other parties and to amend the pleadings;

2. to file motions; and,

3. to complete discovery;

The Scheduling Order may also:

4. modify the timing for disclosure under Rules 26(a) and 26(e)(1) and of the extent of discovery to be permitted;

5. provide for the disclosure or discovery of electronically stored information;

6. include any agreements the parties reach for asserting claims of privilege or protection as trial preparation material after information is produced;

7. the date or dates for conferences before trial, a final pretrial conference, and trial; and,

8. any other matters appropriate in the circumstances of the case.

The time limitations set forth in the Scheduling Order may only be modified for good cause and with the Court's consent. Fed. R. Civ. P. 16(b)(4).

The parties should give special attention Rule 26(f), which requires that they conduct a settlement/discovery conference at least 21 days prior to the initial scheduling conference. The Rule 26(f) conference may be conducted by telephone.

Rule 26 also mandates that the parties, within 14 days of their conference: (1) file a written report outlining the proposed discovery plan they have developed at their Rule 26(f) conference; and, (2) make the required initial disclosures under Rule 26(a) regarding witnesses and documents. In addition to the matters specified in Rule 26(f)(2) and (3), the Court requests that the proposed discovery plan submitted by the parties include a very brief statement of the nature of the case of no more than several sentences.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Economou Defendants' motion for extension of time to file answer (Docket No. 40) is **GRANTED**;

The Economou Defendants' motion to vacate entry of default (Docket No. 46) is **GRANTED**;

The Plaintiffs' motion for default judgment as to STJ, P.C.; Economou Construction; John Economou; and, Steve Economou (Docket No. 50) is **DENIED**;

The Plaintiffs' expedited non-dispositive motion for service of the summons and the complaint by a Marshal (Docket No. 59) is **DENIED**;

The Plaintiffs' motion to dismiss the counterclaims of STJ, P.C.; Economou Construction; John Economou; Steve Economou; and, Thomas Economou (Docket No. 61) is **GRANTED**. This ruling does not impact on EP's counterclaims in the Answer and Counterclaims.

The Plaintiffs' motion to lift stay and conduct scheduling conference (Docket No. 81) is **GRANTED** to the extent that the parties **MUST** participate in a telephone scheduling conference *limited to the damages claims* to be conducted by the Court **on January 28, 2010, at 9:30 a.m.** The Court will initiate the call.

With respect to the following motions filed in the 09-C-569 action:

EP's motion to dismiss (Docket No. 35) is **DENIED**;

Buyco's motion for default judgment as to EP (Docket No. 17) is **DENIED**;

EP's motion for extension of time (Docket No. 33) is **GRANTED**; and,

EP's motion to vacate entry of default (Docket No. 34) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 30th day of November, 2009.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**