UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**SJ PROPERTIES SUITES, BUYCO, EHF;**
**SJ FASTEIGNIR, EHF; and,**
**ASKAR CAPITAL, HF;**

                       **Plaintiffs,**

**and,**

**SETH E. DIZARD,**
**Court-Appointed Receiver of DOC Milwaukee LP;**

                     **Intervenor Plaintiff,**

    **v.**                                                 **Case No. 09-C-0533**
                                                          **(Consolidated with**
                                                           **Case No. 09-C-0569)**

**STJ, P.C., d/b/a ECONOMOU PARTNERS;**
**EP MILWAUKEE, LLC;**
**ECONOMOU PARTNERS**
**CONSTRUCTION, INC.;**
**JOHN W. ECONOMOU;**
**STEVE J. ECONOMOU; and,**
**THOMAS V. ECONOMOU;**

                       **Defendants.**

---

**STJ, P.C., d/b/a ECONOMOU PARTNERS;**
**EP MILWAUKEE, LLC;**
**ECONOMOU PARTNERS**
**CONSTRUCTION, INC.;**
**JOHN W. ECONOMOU;**
**STEVE J. ECONOMOU; and,**
**THOMAS V. ECONOMOU;**

                      **Counterclaimants,**
    **v.**

**SJ PROPERTIES SUITES, BUYCO, EHF;**

                      **Counterclaim Defendant.**

**SJ PROPERTIES SUITES, BUYCO, EHF;**

    **Plaintiff - Counterclaim Defendant,**

**and,**

**SETH E. DIZARD,**
**Court-Appointed Receiver of DOC**
**Milwaukee LP;**

    **Intervenor Plaintiff,**

  v.

**EP MILWAUKEE, LLC;**

    **Defendant-Counterclaimant.**

## DECISION AND ORDER

### Background

  The genesis of this consolidated action is a hotel and condominium real estate development construction project located at 1150 North Water Street, in downtown Milwaukee, Wisconsin (the "Milwaukee Project"). This Decision and Order addresses a motion to dismiss for failure to name a real party in interest filed by Defendants and Counterclaimants STJ, P.C. d/b/a Economou Partners ("STJ, P.C."); Economou Partners Construction, Inc. ("Economou Construction"); John W. Economou ("John Economou"); Steve J. Economou ("Steve Economou"); Thomas V. Economou ("Thomas Economou"); and EP Milwaukee, LLC ("EP") (collectively the "Economou Defendants").

  Also pending are a motion for summary judgment filed by the Plaintiff and Counterclaim Defendant, SJ Properties Suites, BuyCo, ehf ("BuyCo"), in the declaratory judgment action prior to the consolidation of the actions, and BuyCo's motion to strike EP's

proposed findings of fact with respect to BuyCo's summary judgment motion. On February 18, 2010, the Economou Defendants filed a motion for summary judgment. The issue raised by the Economou Defendants' summary judgment motion may have implications for the entire action. Therefore, no decision on the earlier BuyCo motions will be issued until the completion of the briefing on the recent Economou Defendants' summary judgment motion.

## THE ECONOMOU DEFENDANTS' MOTION TO DISMISS

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, the Economou Defendants seek dismissal of the action for failure to join a real party in interest. Many of the Economou Defendants' concerns are premised on statements made "upon information and belief" in the Affidavit of Gregory J. Cook ("Cook") .

Rule 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." However, the immediate dismissal of an action that is not prosecuted in the name of the real party in interest would be in contravention of Rule 17. Instead, Rule 17(a)(3) states:

> The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

The modern purpose of the rule is to "protect the defendant against a subsequent action by the party actually entitled to recover, and to insure generally that the judgment will have its proper effect as *res judicata*." Advisory Committee Notes to 1966 Amendment to Fed. R. Civ. P. 17.

3

The Court gleans that the motion was prompted by the Economou Defendants' belief that, in the wake of the autumn of 2008 financial crisis, Plaintiff Askar Capital hf ("Askar") was taken over by the Icelandic equivalent of a receiver and that substantive decisions are being made by an entity that is not a party to this action. The Economou Defendants maintain that the real party in interest may be the "resolution committee" or "winding up board," or, in the alternative, Glitnir banki, hf ("Glitnir"), an Icelandic investment bank, or, in the alternative, some unknown Icelandic corporate entity or quasi-governmental entity that the Icelandic government may have taken over, in whole or in part.

To refute such concerns, Plaintiffs Buyco; SJ Fasteignir, ehf ("Fasteignir"); and, Askar, (collectively the "Plaintiffs"), proffer the affidavit of Bjarki A. Brynjarsson ("Brynjarsson"), the managing director of Askar. Brynjarsson's affidavit sets forth detailed explanations establishing that Askar is a separate legal entity, distinct from Glitnir, and that Askar is the real party in interest. (*See* Brynjarsson Aff. ¶¶ 4-6.)

Brynjarsson's affidavit indicates that the Financial Supervisory Authority of the Republic of Iceland ("Financial Supervisory Authority"), which has a similar function in Iceland to that of the Federal Deposit Insurance Corporation in the United States, is currently administering the assets of Glitnir. (*Id.* at ¶ 3.) The Financial Supervisory Authority appointed a Resolution Committee of Glitnir (the "Resolution Committee") on October 8, 2008, which is the functioning Board of Directors of Glitnir. (*Id.*)

Askar is a solvent investment bank that is not in bankruptcy, under the control of the Resolution Committee, or under the direction of a receiver or the Icelandic

4

government. (*Id.* at ¶ 7.) Glitnir is currently Askar's majority owner with a 53.3% controlling interest. (*Id.* at ¶ 5.) Askar has been consulting with the Resolution Committee for any major decisions regarding loans and cash advances that Askar made and continues to make for the Milwaukee Project. (*Id.* at ¶ 15.)

BuyCo is wholly owned by Fasteignir. (*Id.* at ¶ 18). Fasteignir is a wholly owned subsidiary of Sjóvá Almennar Tryggingar, hf ("Sjóvá"). (*Id.*) Sjóvá's status may change because Glitnir is expected to become the sole or major owner of Sjóvá as a result of Glitnir's restructuring. (*Id.*) However, because Brynjarsson is not involved in the restructuring process, he cannot address the precise arrangements or their timing. (*Id.*)

Based on the uncontested factual information provided by Brynarsson, the Court concludes that the Economou Defendants have not established that Askar or other plaintiffs are not the real party in interest. Therefore, the Economou Defendants' motion to dismiss is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

The Economou Defendants' motion to dismiss (Docket No. 89) is **DENIED**.

Dated at Milwaukee, Wisconsin this 23rd day of February, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa**
**U.S. District Judge**